UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA,

v.                                                      CASE NO.   3:09-cr-304-WWB-SJH

LARRY MICHAEL PROVENCAL,

     Defendant,

     and

VYSTAR CREDIT UNION,

     Garnishee.

---

## **REPORT AND RECOMMENDATION**

Larry Michael Provencal ("Defendant" or "Mr. Provencal") was adjudicated guilty of one count of Conspiracy to Commit Wire and Mail Fraud in violation of 18 U.S.C. § 371. Doc. 58. Judgment was entered on March 23, 2012. *Id.* Among other things, the Court required Mr. Provencal to pay a $100.00 special assessment and $182,294.83 in restitution. *Id.* at 5. Stating that the current balance, including accrued interest, was $177,906.60, the United States requested issuance of a writ of garnishment to Vystar Credit Union ("Garnishee"), pursuant to 18 U.S.C. § 3613 and the Federal Debt Collection Procedures Act ("FDCPA"), 28 U.S.C. §§ 3002, 3202, and 3205. Doc. 74 at 1-2; Doc. 74-1 at 1-2. Finding the requirements for issuance of a writ of garnishment under 28 U.S.C. § 3205(b) satisfied, the Court directed issuance of the writ of garnishment. Doc. 76.

On December 4, 2025, Garnishee filed Garnishee Vystar Credit Union's Answer, which stated that the accounts of Mr. Provencal "currently contain the following attachable amounts retained by" Garnishee: (i) "Checking Account; Larry Michael Provencal: $39,883.59"; and (ii) "Savings Account; Larry Michael Provencal and Sherri W Provencal: $28,509.88." Doc. 78.

On February 25, 2026, Mr. Provencal filed Larry Michael Provencal's Claim for Exemptions and Request for Hearing or Transfer ("Defendant's Motion"), Doc. 84. Defendant's Motion asserts that "50% Of The Joint Savings Account Belongs To My Wife, Sherri Provencal" ("Mrs. Provencal"). *Id.* On March 5, 2026, the Government filed United States' Motion for Final Order of Garnishment ("Government's Motion"), Doc. 85. The Government's Motion "recognizes the joint ownership of the savings account and agrees that Sherri Provencal's 50% interest in the jointly held savings account should be recognized"; as such, "the United States only seeks a final order of garnishment as to the Defendant's interest in the accounts—100% of the Defendant's solely owned checking account and 50% of the jointly owned savings account." *Id.*

On March 24, 2026, a Joint Notice and Stipulation as to the Final Order of Garnishment was filed. Doc. 89. Attached thereto was a Joint Stipulation Resolving the Vystar Garnishment ("Stipulation"), signed by Mr. Provencal, Mrs. Provencal, and counsel for the Government. Doc. 89-1. The Stipulation confirms that Mr. and Mrs. Provencal "were served with the writ of garnishment, notified of their right to a hearing, and provided with instructions for filing a claim"; that Defendant's Motion

requested a "hearing, asserting Sherri Provencal's 50% interest in the jointly held account"; and that the Government's Motion "agrees with the claim, and [with] recognizing the joint ownership of the savings account." *Id.* at 1–2. The Stipulation provides that all "parties agree that Sherri Provencal's 50% interest in the jointly held account should be recognized and not garnished"; that "no hearing is necessary in light of this agreement"; that all "parties agree that the final order of garnishment should be entered as to 100% of the Larry Michael Provencal's solely owned account and as to 50% of the jointly owned savings account." *Id.* at 2–3. More specifically, the Stipulation provides that

> it is appropriate for this Court to now enter a Final Order of Garnishment directing Vystar Credit Union to liquidate the Defendant's nonexempt interest and to pay over to the United States:
>
>> a.      the full balance contained in the Defendant's solely owned checking account (containing approximately $39,883.59); and
>> b.      50% of the balance contained in the jointly owned savings account (50% of the total approximate account balance of $28,509.88 is $14,254.94).
>
> The total to be garnished from both accounts is approximately $54,138.53.

*Id.* at 3.

Upon review, and for the reasons stated in the Stipulation: (i) Defendant's Motion is due to be granted in part to the extent it seeks to recognize Mrs. Provencal's interest in the joint savings account, and otherwise denied as moot to the extent it requests a hearing; and (ii) the Government's Motion is due to be granted. *See* 28 U.S.C. § 3205(c)(7); Doc. 89-1; *see also United States v. Gonzalez*, No. 6:08-cr-129-GAP-

DCI, 2022 WL 2441851, at *2 (M.D. Fla. June 16, 2022), *report and recommendation adopted*, 2022 WL 2440428 (M.D. Fla. July 5, 2022); *United States v. McArthur*, 7 F. Supp. 3d 1220, 1221–25 (S.D. Ala. 2014).

Accordingly, it is **respectfully recommended**[1] that the Court enter an Order stating substantially the following:

1.      Defendant's Motion, Doc. 84, is **granted in part** to the extent it seeks to recognize Mrs. Provencal's interest in the joint savings account, and otherwise **denied as moot**.

2.      The Government's Motion, Doc. 85, is **granted**.

3.      Garnishee Vystar Credit Union is **directed** to liquidate the Defendant Larry Michael Provencal's nonexempt interest and to pay over to the United States:

   a.      the full balance contained in the Defendant's solely owned checking account (containing approximately $39,883.59); and

   b.      50% of the balance contained in the jointly owned savings account (50% of the total approximate account balance of $28,509.88 is $14,254.94).

The total to be garnished from both accounts is approximately $54,138.53.

---

[1] A party has fourteen days from the date the party is served a copy of this Report and Recommendation to file written objections to this report's proposed findings and recommendations. 28 U.S.C. § 636(b)(1)(C). A party's failure to serve and file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1).

4.      The payment made to the United States pursuant to the garnishment shall bear the notation "Larry Michael Provencal, Case No. 3:09-cr-304," be made payable to "Clerk, United States District Court," and be sent to:

Clerk, United States District Clerk
ATTN: DCU
401 West Central Boulevard, Suite 1200
Orlando, Florida 32801

**DONE AND ENTERED** in Jacksonville, Florida, on March 24, 2026.

Samuel J. Horovitz
United States Magistrate Judge

Copies to:

The Honorable Wendy W. Berger
Garnishee – VyStar Credit Union
United States of America
Larry Michael Provencal, 1232 Wild Turkey Court, Jacksonville, FL, 32259-2924
Sherri Provencal, 1232 Wild Turkey Court, Jacksonville, FL, 32259-2924